# ARTEMIS RESTAURANT v CITY OF CLEARWATER
## Case No. 86-3520
State of Florida, Division of Administrative Hearings

November 5, 1986

## APPEARANCES OF COUNSEL

**Peter Panagakis,** Artemis Restaurant, pro se.

**Miles A. Lance** for respondent.

## OPINION

DONALD D. CONN, Hearing Officer.

### FINAL ORDER

A final hearing was held in this case on October 24, 1986 in Clearwater, Florida before Donald D. Conn, a duly designated Hearing Officer of the Division of Administrative Hearings. The parties were represented as follows:

At the hearing, the Petitioner testified on his own behalf and called one other witness, and the Respondent called two witnesses. Petitioner introduced eight exhibits and Respondent introduced two. Additionally, the record before the Development Code Adjustment Board was accepted. No transcript has been filed. Proposed findings of fact and conclusions of law filed by the parties have been considered in the preparation of this Final Order.

### FINDINGS OF FACT

1. Peter Panagakis owns property at 1675 U.S. 19, North, in Clearwater, Florida on which is located Artemis Restaurant. Panagakis owns and operates Artemis Restaurant. The subject property is zoned CH (highway commercial).

2. On or about June 25, 1986, Petitioner applied for a variance to allow four business identification signs on his restaurant, rather than one which is allowed under the Clearwater Land Development Code. He is also seeking a variance to allow 245.5 square feet of total business identification signage, rather than 15 square feet allowed under the Code. This would be a variance to allow three additional business identification signs and a variance of 230.5 square feet in business identification signage.

3. On August 14, 1986 the Development Code Adjustment Board denied Petitioner's variance requests and Petitioner has timely appealed.

4. The four business identification signs consisting of 145.5 square feet for which these variances are sought were placed on the subject property without permits or variances in early 1986. Panagakis did not intentionally violate the Lane Development Code, but mistakenly relied upon persons with whom he contracted for the signs to obtain the necessary permits and inform him of any requirements for variances. He was assured by the sign company that did the work that a prior company with which Panagakis had contracted, had obtained all

necessary permits. In fact, no permits were applied for or obtained, and therefore, Petitioner was cited for Code violations in May, 1986.

5. In addition to the four business identification signs which are the subject of this action, Petitioner also has two pole signs on the property, one each on U.S. 19 and County Road 590. These pole signs are allowed under the Code.

6. It is Petitioner's position that the pole sign on U.S. 19 is not visible to motorists due to a highway sign that obstructs their view when driving north, and further that without the additional signage on the building itself, potential patrons confuse the restaurant for a bank due to its architecture, or else don't see the restaurant at all since it is in a low area. Panagakis testified that this additional signage is necessary for the economic survival of his business.

7. Panagakis owned the subject property prior to his construction of Artemis Restaurant approximately twenty months ago. The restaurant was built in accordance with architectural and construction plans he approved.

8. According to John Richter, development code administrator, Petitioner now has a competitive advantage over other businesses due to this additional signage. He also testified that Petitioner's pole sign is visible from one-half mile south on U.S. 19, contrary to Panagakis' testimony.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties and subject matter in this case. Section 120.65, Florida Statutes; Section 137.013, Clearwater Land Development Code.

Section 137.012(d) of the Land Development Code sets forth the standards for approval of a variance, and places the burden of proof on the applicant to show clearly that the application meets these standards. Section 137.012(d)(1) specifically provides that work performed without the benefit of a permit shall not be considered to be a situation which is unique to the property so as to support the requested variance. In this case, Petitioner has not established that the physical surroundings, shape or topography of his property will result in an unnecessary hardship if the Land Development Code is strictly enforced regarding signage. There is conflicting evidence about whether the pole sign on U.S. 19 is visible to motorists. The fact that the restaurant looks like a bank and is in a low area are matters for which Panagakis himself is responsible since he had the restaurant built to his specification on property he owned. Therefore, the Code's strict application will not present an unnecessary hardship.

278

Petitioner offered no evidence to establish that the variances sought are the minimum necessary to overcome any hardship. The Code allows one business identification sign of up to 15 square feet. Petitioner now has four identification signs totaling 145.5 square feet. There is no basis in the record for concluding that this is the minimum signage necessary. To the contrary, the evidence shows that this is simply the signage constructed without required permits.

Panagakis testified that his reason for seeking the variances was for the economic survival of his restaurant. Section 137.012(d)(4) specifically states that a variance cannot be based primarily upon the desire of the applicant to secure a greater financial return from the property. Petitioner's request therefore conflicts with this provision.

Accordingly, it is

ORDERED that Petitioner's application for variances relating to signage is DENIED, and the prior action of the Development Code Adjustment Board is AFFIRMED.

DONE and ORDERED this 5th day of November, 1986 in Tallahassee, Florida.